IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DERRICK DANEHOWER**                                                                              **PLAINTIFF**

VS.                                              2:17-CV-00048-BRW

**COOPER TIRE & RUBBER COMPANY,** *et al.*                              **DEFENDANTS**

**ORDER**

Pending is Plaintiffs' Motion to Remand (Doc. No. 17), to which Defendant Cooper Tire & Rubber Company has responded, and Plaintiff has replied.[1] Also pending is Defendant's Motion to Strike (Doc. No. 22), to which Plaintiffs have responded.[2] As set out below, the Motion to Strike is DENIED, and the Motion to Remand is GRANTED.

On August 14, 2016, Justin Clements bought from Defendants Mary and Denson Rivers (doing business as Rivers' Odds & Ends) a tire made by Defendant Cooper Tire and Rubber Company. Later that day, as Mr. Clements was driving with his wife Marla Clements in the front seat, and Plaintiff Derrick Danehower's daughters, Mackenzie and Madison Danehower, in the back seat. Suddenly, without warning, the tire separated, causing Mr. Clements "to lose control of his vehicle, crash into the median cable barrier and three cable posts, and roll over several times into the opposite side of the median."[3] Ms. Clements and Mackenzie Danehower died in the wreck, and Madison Danehower was severely injured.[4]

---

[1] Doc. Nos. 18, 21.

[2] Doc. No. 23.

[3] Doc. No. 2.

[4] Mr. Clements may have also suffered injuries. Doc. No. 2 ("Upon information and belief, Justin Clements suffered injuries as a result of the crash.").

1

Plaintiff Derrick Danehower (a Tennessean), filed his Complaint in the Circuit Court of St. Francis County, Arkansas, on behalf of his daughters (Arkansawyers) against Defendants Denson Rivers and Mary Rivers (Arkansawyers), doing business as Rivers' Odds & Ends in Jonesboro, Arkansas, Defendant Cooper Tire (a citizen of Delaware and Ohio), and others unknown to Plaintiffs at the time of filing.[5]  Defendants removed this case to federal court, asserting that the Rivers' residency should be disregarded because they were fraudulently joined; and that, without the Rivers, diversity jurisdiction exists.[6]

Plaintiffs seek remand, asserting that the Rivers have not been fraudulently joined, so complete diversity does not exist.[7]  Defendant asserts that, as a sole proprietorship, Rivers' Odds & Ends is an entity incapable of being sued; and, since the Rivers – the proprietors of Rivers' Odds & Ends – did not *personally* sell the tire to Mr. Clements, they cannot be held *personally* liable.[8]

The Rivers are not shielded from liability simply because their employee[9] was running the register at the time the sale occurred.[10]  Because the Rivers have not been fraudulently joined, I lack jurisdiction over the subject matter of this case.  Accordingly, the Clerk of the Court is

---

[5] Doc. No. 2 (specifically, John Does 1 through 5, Jane Does 1 through 5, Black and White Corporations 1 through 5, and Black and White Partnerships 1 through 5).

[6] Doc. Nos. 1, 18.

[7] Doc. No. 17.

[8] Doc. Nos. 1, 18.

[9] Through limited pre-remand discovery, Plaintiffs have discovered that Larry Childs is the name of the Rivers' employee who transacted the sale on behalf of the Rivers. Doc. No. 21.

[10] *Jackson v. Ivory*, 353 Ark. 847, 863, 120 S.W.3d 587, 596 (2003) ("Under the doctrine of respondeat superior, an employer may be held vicariously liable for the tortious conduct of an employee . . . acting within the scope of employment.").

directed to IMMEDIATELY REMAND this case to the Circuit Court of St. Francis County, Arkansas.

IT IS SO ORDERED this 27th day of July, 2017.

/s/ Billy Roy Wilson _____
UNITED STATES DISTRICT JUDGE